JJJ



# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 12, 1962

Honorable Shelby H. Blaydes        Opinion No. WW-1241
District Attorney
Fort Stockton, Texas               Re: Whether a County
                                       Auditor would be in
                                       violation of his
                                       oath under Article
                                       1649, Vernon's Civil
                                       Statutes, in certain
Dear Mr. Blaydes:                      stated fact situations.

          You have requested an opinion of this office in a
letter which sets out a group of questions and facts and which
reads in part as follows:

          "1.  A County Auditor owns a few shares of
     stock in Gulf Oil Corporation, Standard Oil Com-
     pany of New Jersey, . . . The county purchases
     oil and gas on bids from one or more of the dis-
     tributors of these various companies . . . Under
     that fact situation would the County Auditor as
     owner of stock in the company that was the suc-
     cessful bidder be violating his oath that he will
     not be personally interested in any contracts
     with the county?

          "2.  In years past, the county has always
     selected the bid of a single bank located at
     the county seat as county depository.  The
     County Auditor in years past by purchase has
     acquired a total of less than 5% of the capital
     stock of this particular bank. . . ./This/ bank
     again was selected by the Commissioners as
     county depository.  Under this set of circumstances
     is there any violation of the oath of the county
     auditor as set out in Article 1649.

          "3.  Assume the same set of facts as set
     out in paragraph 2, except now the county auditor
     one year prior to the last selection of county
     depository . . . has been elected to the Board
     of Directors of the . . . bank.  Under this set
     of circumstances, is there any violation of the
     oath of the county auditor under that statute?

"4. Under the facts set out in paragraph 3 above, is there any statute which disqualifies the county auditor from serving as a director of the bank selected as county depository while he also serves as county auditor?

"5. Is there any statute that would disqualify the county auditor from serving as a director of a bank?

"6. Is there any statute by which the county auditor-would be disqualified to own stock in

      a. the bank
      b. the oil companies under question 1?"

The questions which you raise necessitate a reading of Articles 1649 and 2364, Vernon's Civil Statutes. Article 1649 reads in part as follows:

"The Auditor shall within twenty days of his appointment and before he enters upon the duties of his office make bond . . . He shall further include in his oath that he will not be personally interested in any contracts with the county."

Article 2364, Vernon's Civil Statutes, in referring to contracts with the county, reads in part as follows:

"No member of the commissioners court or any county officer shall be either directly or indirectly interested in any such contract." (Emphasis supplied.)

Thus it appears that the answer to your first four questions depends on whether a county auditor who is a stockholder or director in first, an oil company from which the county purchases oil and gasoline on bids, and secondly, a bank which is the county depository by virtue of the receipt and acceptance of bids, violates the prohibition against a county officer having a financial interest in contracts with the county. We are of the opinion that such interests of the county auditor are prohibited by these statutes.

The duties of a county auditor are prescribed by statute. He has the general supervision over all the books and records of all the offices of the county having authority

to receive and collect money or property for the county (Article 1651, Vernon's Civil Statutes, et seq.). Among other things, he has the duty under Article 1655, V.C.S., to inquire into, inspect, and count the cash in the hands of the county treasurer or deposited by him in the banks. Under Articles 1658 and 1659, V.C.S., he has the duty to receive bids for materials and supplies for the county. 15 Tex. Jur. 2nd 287, 288. Counties, Sec. 59. He is clearly a "county officer" within the meaning of that term. American Indemnity Company v. Red River National Bank in Clarksville, 132 S.W.2d 473 (Civ. App. 1939, error dism., judgm. cor.)

Being a "county officer" the question resolves itslef into whether the holding of stock in the various oil companies and the bank is a sufficient "interest" in a contract with the county as is prohibited under the various statutes. In Attorney General's Opinion O-878 (1939), this office held that such would be the case, and that a stockholder's interest, regardless of how nominal or small the amount of such stock held happened to be, would be a financial interest. The opinion reads in part:

"The fact that the municipal officer is a stockholder, or an officer, in the corporation with whom the contract is made constitutes such an interest in the contract as to taint it with illegality . . . Dillon on Municipal Corporations, supra; McQuillan on Municipal Corporations, 2nd Edition, Vol. 2, p. 217, and Vol. 3, p. 945; 44 C.J. 93 . . ."

The above general principle of law applies, of course, with equal force to county officials as well as municipal officials.

Neither is the prohibition of the statutes circumvented by the mere fact that a county auditor in this situation as such does not have direct voting power as to the awarding of such contracts with the county. In Attorney General's Opinion V-381 (1947), this office held that a county auditor was definitely within the statutory prohibitions in regard to county contracts. He has the statutory duty to receive bids for materials and supplies and as such has a part in the contract process. He has the additional duty to "inquire into, count, and inspect" the funds of the county on deposit in the depository bank. The fact that an officer takes no direct part in the actual act of letting the contract is immaterial. See Attorney General's Opinion O-878, supra.

In addition, we point out that Article 2364, Vernon's Civil Statutes, clearly prohibits any county officer from having any interest in any county contract, directly or indirectly. It does not say "any county officer with voting privileges on the awarding of the contract," but says simply "any county officer." In Attorney General's Opinion O-6280 (1944) relating to a county officer being a bank director, it was pointed out in part:

"It is not a question whether the particular contract thus forbidden is hurtful. It might, on the contrary, be actually beneficial, but the law will not permit an inquiry into the actual consequences of the transaction. It is contrary to sound public policy."

In Attorney General's Opinion O-2980 (1941), this office held that where a County Judge of a county is a director and stockholder of a bank, such bank could not be a county depository. The opinion reads in part:

". . . it is well settled in Texas that if a public official, directly or indirectly has a pecuniary interest in a contract, no matter how honest he might be, and although he may not be influenced by the interest, such a contract is against public policy. Meyers, et al v. Walker, 276 S.W. 305; City of Edinburg v. Ellis, 59 S.W. 2d 99."

With the foregoing general principles in mind, we are of the opinion that the fact that the county auditor holds stock or is a director in the oil companies and bank, violates the statutory prohibitions outlined herein. Consequently, your first four questions may be answered as follows:

1. The county auditor is prohibited by law from owning stock, no matter how small the interest in an oil company with which the county has contractual dealings.

2. The county auditor is prohibited by law from owning stock or being a member of the Board of Directors of any bank which serves as the county depository.

3.and 4. The county auditor thus violates his oath under Article 1649, Vernon's Civil Statutes, by owning stock in an oil company with which the county contracts and also by being a stockholder

or member of the Board of Directors in a bank which is the county depository, and it is immaterial that the bank is the only one located at that particular place.

Further, in regard to your last two questions, we are unable to find any statutes which would disqualify the county auditor from owning stock or being a director in either an oil company or a bank if the county does not contract and do business with such organizations. Your last two questions are thus answered negatively.

### S U M M A R Y

(1) The county auditor is prohibited by law from owning stock in an oil company with which the county has contractual dealings.

(2) The county auditor is prohibited by law from owning stock or being a director of a bank which serves as the county depository.

(3) The county auditor is not prohibited from owning stock in a bank or oil company with which the county has no business dealings.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:dhs:kh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

J. Arthur Sandlin
Linward Shivers
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.